## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE HICKS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | |
| SOLID SOURCE HEALTHCARE | ) | |
| RESOURCES LLC, | ) | |
| a corporation, and TOSHETA | ) | |
| BROWN-GREENFIELD, an individual, | ) | |
| and DONTAE GREENFIELD, an | ) | |
| individual, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Nicole Hicks ("Plaintiff" or "Hicks"), by and through her attorney, Law Offices of Daniel Zemans, LLC, states for her Complaint against Solid Source Healthcare Resources LLC ("Solid Source"), Tosheta Brown-Greenfield ("Brown-Greenfield"), and Dontae Greenfield ("Greenfield") (collectively referred to as "Defendants") as follows:

## INTRODUCTION

1.      This four-count individual action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, *et seq.*, for Defendants' failure to pay Plaintiff at one and one-half times her regular rate of pay ("overtime") for all hours worked over forty (40) in individual workweeks; and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.* ("IWPCA"), IMWL, and common law breach of contract for Defendant's failure to pay Ms. Hicks' for all hours worked.

## THE PARTIES

1

2.     Plaintiff Hicks is a citizen of Illinois who resided and worked in this District at all relevant times.

3.     Defendant Solid Source is incorporated in Illinois, is headquartered in this District, is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A), is an employer as defined in 29 U.S. § 203(d), and is an employer as defined in 29 U.S. § 203(d) and 820 ILCS 105/3(c).

4.     Defendant Brown-Greenfield is a citizen of Illinois who has resided in this District at all relevant times.

5.     Defendant Greenfield is a citizen of Illinois who has resided in this District at all relevant times.

6.     At all relevant times, Solid Source, Brown-Greenfield and Greenfield were employers as defined in 29 U.S. § 203(d) and 820 ILCS 105/3(c).

7.     At all relevant times, Hicks was an employee as defined in 29 U.S. § 203(e) and 820 ILCS 105/3(d).

## JURISDICTION AND VENUE

8.     Jurisdiction is invoked under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9.     This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(2), in that Ms. Hicks resides in and performed her employment duties within this District, Solid Source is headquartered in this District, Brown-Greenfield and

Greenfield are residents of this District, the claim arose in this District, and most of the relevant witnesses are located in this District.

## FACTS

10.     Ms. Hicks worked for Solid Source from in or around May 2016 until in or around April 2018.

11.     At all relevant times, Ms. Hicks worked as a Licensed Practical Nurse for Solid Source.

12.     As a Licensed Practical Nurse, Ms. Hicks was assigned to go to clients homes where she monitored patients, who were typically ventilation dependent, and performed menial tasks such as changing diapers and writing notes for the supervising nurse.

13.     When Solid Source hired Ms. Hicks, she was properly classified as a non-exempt employee.

14.     On or around December 20, 2016, Defendants required Ms. Hicks to sign an independent contractor agreement if she wanted to remain employed at Solid Source, but this was a change on paper only as nothing changed in her job duties and she continued to function as an employee.

15.     Ms. Hicks did not have a nursing business; she was paid biweekly; Defendants dictated which patients she would see; Ms. Hicks had no unreimbursed expenses; and Ms. Hicks had a permanent relationship with Solid Source of approximately two years that was governed by the same policies regardless of which patient Ms. Hicks was assigned to at a given time.

16.     The only reason Defendants classified Ms. Hicks as exempt and refused to pay her any overtime wages was as a concerted effort to reduce labor and payroll costs.

17.    From at least November 2017 through April 2018, Ms. Hicks worked and Solid Source refused to pay her for all hours worked.

18.    Not including unpaid overtime premiums, Solid Source refused to pay Ms. Hicks for at least 450 hours that she worked.

19.    In terms of unpaid overtime payments, Defendants improperly misclassified Ms. Hicks as an exempt employee.

20.    At all times Ms. Hicks worked for Solid Source, Defendants managed Ms. Hicks's work and the number of hours she worked.

21.    At all times Ms. Hicks worked for Solid Source, Defendants dictated, controlled and ratified all policies and practices relating to Ms. Hicks's employment.

22.    At all times Ms. Hicks worked for Solid Source, Ms. Hicks had no authority to hire or fire other Solid Source employees.

23.    At all times Ms. Hicks worked for Solid Source, Ms. Hicks did not supervise or direct the work of other Solid Source employees.

24.    At all times Ms. Hicks worked for Solid Source, Ms. Hicks was expected to follow established company protocols in carrying out her duties.

25.    At all times Ms. Hicks worked for Solid Source, Ms. Hicks was not permitted to incur expenses on Solid Source's behalf without a supervisor's approval.

26.    At all times Ms. Hicks worked for Solid Source, Ms. Hicks was not permitted to set or establish new policies or practices without a supervisor's approval.

27.    At all times Ms. Hicks worked for Solid Source, Ms. Hicks's job duties did not involve the performance of work requiring invention, imagination, originality or talent in a recognized filed of artistic or creative endeavor.

4

28.     Ms. Hicks routinely worked well over 40 hours per week, often as many as 80 hours per week.

29.     Defendants were aware that Ms. Hicks worked over 40 hours per workweek because, among other ways, she performed work where they told her to, she stayed in constant communication with Defendants, and was assigned to be at particular places and times which required more than 40 hours of work.

30.     Solid Source did not pay Ms. Hicks any overtime premium wages for work she performed in excess of forty (40) hours per week.

31.     Ms. Hicks repeatedly asked Solid Source for the money she was owed, including via text messages with Mr. Greenfield, who repeatedly claimed to be looking into it and, more often, simply ignored Ms. Hicks.

32.     On more than one occasion, a client of Solid Source complained to Solid Source about their failure to pay Ms. Hicks, but Defendants continued to withhold pay.

33.     Mr. Greenfield threatened to terminate Ms. Hicks if she told any of Solid Source's clients about the Defendants' failure to pay Ms. Hicks.

34.     As a result of Solid Source's improper and willful misclassification of Ms. Hicks she suffered lost wages and other damages.

### COUNT I – Violation of the Fair Labor Standards Act
### (against all Defendants)

35.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

36.     Defendants were employers as defined by 29 U.S.C. § 203(d).

37.     Hicks was an employee as defined by 29 U.S.C. § 203(e)(1).

38. The compensation that Solid Source paid Ms. Hicks were "wages" as defined by 29 U.S.C. § 203(m).

39. Solid Source was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

40. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, et seq., for their failure to pay Hicks at the overtime rate for all hours worked in excess of forty (40) per workweek.

41. Defendants' failure to pay compensation for all time worked and their failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the FLSA, since Defendants' conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

42. Ms. Hicks has been harmed as a direct and proximate result of the unlawful conduct described herein, because she has been deprived of wages owed for work she performed from which Solid Source derived a direct and substantial benefit.

43. Solid Source has no good faith justification or defense for the conduct detailed above, or for failing to pay Ms. Hicks all wages mandated by the FLSA.

**WHEREFORE** Plaintiff Nicole Hicks respectfully requests the entry of judgment in her favor and against Defendants as follows:

A. Awarding judgment for back pay equal to the amount of all unpaid compensation and overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

B.    Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

C.    Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

D.    Awarding reasonable attorneys' fees and costs incurred in filing this action;

E.    Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; and

F.    All other relief this Court deems just and proper.

**COUNT II – Violation of the Illinois Minimum Wage Law**
**(against all Defendants)**

44.    Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

45.    Defendants were employers as defined by 820 ILCS 105/3(c).

46.    Hicks was an employee of Solid Source as defined by 820 ILCS 105/3(d).

47.    The compensation that Solid Source paid Ms. Hicks were "wages" as defined by 820 ILCS 105/3(b).

48.    This Count arises from Defendants' violations of the IMWL, 820 Ill. Comp. Stat. § 105/1, et seq., for their failure to pay Hicks for all hours worked, specifically including compensation at the overtime rate for all hours worked in excess of forty (40) per workweek.

49.    Hicks was entitled to be compensated for all work performed, including payment at the appropriate overtime rate for hours worked in excess of forty (40) hours per week.

50.    Solid Source's failure to pay Hicks overtime wages at a rate of one and one-half times her regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the overtime provisions of the IMWL. 820 ILCS 105/4a.

7

51.     Defendants' failure to pay compensation for all time worked and their failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the IMWL, since Defendants' conduct shows that they either knew that their conduct violated the IMWL or showed reckless disregard for whether their actions complied with the IMWL.

52.     Ms. Hicks has been harmed as a direct and proximate result of the unlawful conduct described herein, because she has been deprived of wages owed for work she performed from which Solid Source derived a direct and substantial benefit.

53.     Solid Source has no good faith justification or defense for the conduct detailed above, or for failing to pay Ms. Hicks all wages mandated by the IMWL.

**WHEREFORE** Plaintiff Nicole Hicks respectfully requests the entry of judgment in his favor and against Defendant as follows:

A.     Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and the Plaintiff Class pursuant to the IMWL;

B.     Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

C.     Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

D.     Awarding reasonable attorneys' fees and costs incurred in filing this action;

E.     Entering an injunction precluding Defendants from violating the IMWL, 820 Ill. Comp. Stat. 105/1 et seq.; and

F.     All other relief this Court deems just and proper.

**COUNT III – Violation of the Illinois Wage Payment and Collection Act**
**(against all Defendants)**

54.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

55.     Defendants were employers of Ms. Hicks within the meaning of the Illinois Wage Payment Collection Act, 820 ILCS 115/2, in that, among many other things, Ms. Hicks performed labor services for Solid Source, and Defendants controlled whether Ms. Hicks was paid.

56.     Solid Source was, pursuant to its contractual agreement with Ms. Hicks, obligated to pay Ms. Hicks at a regular rate of pay of $21 per hour for all hours worked up to 40 hours per week.

57.     Solid Source failed to pay Ms. Hicks for all hours she worked for Solid Source.

58.     Solid Source is obligated to pay Plaintiff for all monies earned, pursuant to the Illinois Wage Payment Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.*

59.     By not paying the stipend to Ms. Hicks, Solid Source has wrongfully converted Plaintiff's money for its own use.

**WHEREFORE** Plaintiff Nicole Hicks respectfully requests the entry of judgment in his favor and against Defendants as follows:

A.     Entering a monetary judgment in favor of Ms. Hicks and against Defendants for the money due under the Wage Payment and Collection Act, plus prejudgment interest at the statutory rate pursuant to 820 ILCS 115/14;

B.     Ordering Defendants to comply with the Illinois Wage Payment and Collection Act in the future;

C.     Ordering Defendants to pay Ms. Hicks's attorney's fees and costs of this action pursuant to the Wage Payment and Collection Act.; and

D.  All other relief this Court deems just and proper.

## COUNT IV – Breach of Contract
### (against Solid Source)

60.  Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

61.  Plaintiff and Solid Source entered into a contract in or around April, 2016.

62.  The contract included a provision under which Solid Source agreed to pay $21 per hour worked.

63.  Solid Source failed to pay Ms. Hicks for all hours worked.

64.  As a result of this breach of contract, Plaintiff suffered financial damages.

**WHEREFORE** Plaintiff respectfully requests the following relief:

A.  An award of compensatory damages in an amount to be proven at trial; and

B.  All other relief this Court deems just, including equitable relief.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.


Respectfully submitted,

**Dated:** August 23, 2018          **Nicole Hicks**

/s/ Daniel Zemans
_____
By:  Attorney for Plaintiff

Daniel Zemans (Attorney #6284309)
The Law Offices of Daniel Zemans, LLC
500 N. Michigan, Suite 600
Chicago, IL 60640
Phone: (773) 706-7767
Email: dzemans@zemans-law.com

10